UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

REYNARD KEVON LEWIS, :
    Petitioner :
: No. 1:17-CV-01386
v. :
: (Judge Kane)
CRAIG A. LOWE, :
    Respondent :

**MEMORANDUM**

Before the Court is Petitioner Reynard Kevon Lewis' petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the constitutionality of his prolonged detention by the United States Department of Homeland Security, Immigration, and Customs Enforcement ("ICE"), at the Pike County Prison without a bond hearing (Doc. No. 1.) For the reasons stated herein, Lewis' petition will be granted insofar as he seeks an individualized bond hearing.

**I.    BACKGROUND**

Lewis is a citizen and native of Trinidad and Tobago, and was admitted to the United States at New York, New York. (Doc. No. 1.) His status was adjusted to lawful permanent resident (IR-7) on January 13, 2014. (Id.; Doc. No. 9. at 3.) On January 1, 2017, immigration officials issued a Notice to Appear, charging Lewis as removable due to multiple aggravated felony convictions. (Id.) Specifically, Lewis was charged as removable under Sections 237(a)(2)(A)(iii), and (B)(i) of the Immigration and Nationality Act ("INA"), as an alien convicted of illicit trafficking of a controlled substance and possession of 30 grams or less of marijuana. (Id.) Lewis was taken into custody by immigration officials on January 9, 2017. (Id.)

An immigration judge subsequently denied Lewis' request for a change in custody status on February 16, 2017, and ordered that Lewis remain detained in mandatory custody pursuant to

Section 236(c) of the INA.  (Id.)  On September 14, 2017, Lewis filed a motion for withdrawal of counsel with the Executive Office for Immigration Appeals, which was granted by an immigration judge and rescheduled Lewis' hearing in removal proceedings for October 19, 2017.  (Id. at 4.)  On September 25, 2017, immigration officials issued an Additional Charges of Inadmissibility/Deportability Notice, charging Lewis as removable under Sections 237(a)(2)(A)(i)(I) and (ii) of the INA pursuant to multiple convictions of crimes involving moral turpitude.  (Id.)

On August 7, 2017, Lewis filed the instant petition for writ of habeas corpus seeking release or an individualized bond hearing, since he has been in the custody of ICE since January 9, 2017.  (Doc. No. 1.)  The Court issued an Order on August 11, 2017, directing Respondent to show cause as to why relief should not be granted.  (Doc. No. 3.)  The Government has responded to the petition (Doc. No. 9), conceding that Petitioner is entitled to an individualized bond hearing before an immigration judge.  See Chavez-Alvarez v. Warden York County Prison, 783 F.3d 469 (3d Cir. 2015); Demore v. Kim, 538 U.S. 510 (2003); Singh v. Sabol, No. 14-CV-1927, 2015 WL 3519075 (M.D. Pa. June 4, 2015).  The petition is now ripe for disposition.

**II.    Discussion**

In the instant petition, Petitioner challenges the constitutionality of his prolonged detention without a bond hearing.  (Doc. No. 1.)  Petitioner's detention is authorized pursuant to 8 U.S.C. § 1226(c), which requires the Attorney General to "take into custody any alien who . . . is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title."  8 U.S.C. § 1226(c)(1)(B).  Section 1226(c) requires mandatory pre-removal detention without bond of aliens convicted of certain enumerated offenses, including aggravated felonies.

The United States Court of Appeals for the Third Circuit in Diop v. ICE/Homeland Sec., 656 F.3d 221, 221 (3d Cir. 2011), and more recently in Chavez-Alvarez v. Warden York County Prison, 783 F.3d 469, 475 (3d Cir. 2015), examined the constitutionality of prolonged detention under Section 1226(c) pending a final order of removal. In Diop, the Third Circuit recognized that Section 1226(c) "implicitly authorizes detention for a reasonable amount of time, after which the authorities must make an individualized inquiry into whether detention is still necessary to fulfill the statute's purposes of ensuring that an alien attends removal proceedings and that his release will not pose a danger to the community," and found that the petitioner's thirty-five month detention pending a final order of removal was unreasonably prolonged. 656 F.3d at 235. In Chavez-Alvarez, the Third Circuit expounded on the reasonableness approach, holding that in cases where a petitioner brings a good-faith challenge to his removal from the United States:

> [B]eginning sometime after the six-month timeframe considered by Demore, and certainly by the time [a petitioner] had been detained for one year, the burdens to [the petitioner]'s liberties outweigh [] any justification for using presumptions to detain him without bond to further the goals of the statute. We conclude that the underlying goals of the statute would not have been, and will not now be undermined by requiring the Government to produce individualized evidence that [the petitioner]'s continued detention was or is necessary.
> 783 F.3d at 478.

Accordingly, where a petitioner's detention extends beyond the six-month to one-year time frame, the reviewing court should order an individualized bond hearing to determine "whether detention is still necessary to fulfill the statute's purposes of ensuring that an alien attends removal proceedings and that his release will not pose a danger to the community." Diop, 656 F.3d at 231; Chavez-Alvarez, 783 F.3d at 475. Moreover, at the individualized bond hearing, the "Government bears the burden of proving that

continued detention is necessary to fulfill the purposes of the detention statute." Diop,

656 F.3d at 233.

With the above framework in mind, it is evident that Petitioner has shown his entitlement to an individualized bond hearing. The Court has no reason to suspect that Petitioner's legal challenge to this case is not presented in good faith. See Chavez-Alvarez, 783 F.3d at 478. Also, Petitioner's prolonged mandatory detention without a bond hearing has approached nearly nine months. Id. at 478. Therefore, the Court concludes that Petitioner is entitled to an individualized bond hearing where the government will have the burden of demonstrating that continued detention is necessary to fulfill the purposes of Section 1226(c).[1]

## III. CONCLUSION

For the reasons set forth above, Petitioner Reynard Kevon Lewis' petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1), will be granted insofar as he will be afforded an individualized bond hearing before an immigration judge. An appropriate Order follows.

---

[1] The Third Circuit noted that an immigration judge can, and often should, make an initial bond determination. Chavez-Alvarez, 783 F.3d at 478 n.12; see also Leslie v. Holder, 865 F. Supp. 2d 627, 631 (M.D. Pa. 2012) (providing that "deference . . . should be accorded in the first instance to agency decision-making processes."). Federal courts frequently defer to immigration judges under these circumstances, rather than conducting their own bond hearing. See, e.g., Casas-Castrillon v. Dep't of Homeland Sec., 535 F.3d 942 (9th Cir. 2008); Singh v. Sabol, No. 1:14-CV-1927, 2015 WL 3519075, at *6 (M.D. Pa. June 4, 2015). Accordingly, the Court will direct that Petitioner's individual bond hearing be before an immigration judge, at which time the government will bear the burden of proving that Petitioner's continued detention is necessary.